IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Timothy Matthew McClain, #301241, ) | |
| ) | C/A No. 9:05-3515-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Sargent J. Brown; Officer W. Bridgett; and ) | |
| Officer L. Price, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, filed December 29, 2005. Attached to the Report and Recommendation, is a Notice of Right to File Objections which instructs the parties that any written objections filed must "specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."

Based on his review of the record, the Magistrate Judge concludes that the plaintiff's action should be dismissed without prejudice and without issuance and service of process on the basis that the plaintiff has not exhausted his administrative remedies. The plaintiff filed a document on January 4, 2006 purporting to be objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is simply an effort to rehash the allegations of his complaint. The Court is mindful, however, that the plaintiff is a pro se litigant and is entitled to some deference. Therefore, out of an abundance of caution, the Court will attempt to identify those portions of the Report and

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

Recommendation to which the plaintiff appears to object.

Exhaustion of Administrative Remedies

The allegations of the plaintiff's complaint involve conditions of confinement. Accordingly, the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a §1983 action regarding conditions of confinement. 42 U.S.C. §1997e(a). The exhaustion requirement of the PLRA applies to all inmate lawsuits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2002), the South Carolina Supreme Court reviewed the administrative remedies available to a state prisoner who wishes to challenge a decision of the SCDC. The inmate must file a grievance challenging the handling of the matter by the prison authorities. After a final decision has been reached by the Department of Corrections, review may be allowed to the Administrative Law Judge, followed by appeal to the circuit court.

In his "objections", the plaintiff states that he was not aware of the requirement of exhaustion of administrative remedies. He does not claim to have exhausted those remedies; and the record contains no information as to the dates of any grievance proceedings. Plaintiff requests the Court to hold the case in abeyance pending the grievance proceedings. However, the PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedies. 42 U.S.C.§1997e(a).

The Court has reviewed the Report, pleadings, "objections", and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 28, 2006
Florence, South Carolina